

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| VIDALIA DOCK & STORAGE COMPANY, INC. | CIVIL ACTION NO. 04-1177 |
| VERSUS | JUDGE DOHERTY |
| DONALD ENGINE SERVICE, INC., LAKE CHARLES DIESEL, INC., AND VOLVO PENTA OF THE AMERICAS, INC | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

Pending before this Court are a Motion for Summary Judgment filed by defendant, Volvo Penta of the Americas, Inc. (Volvo) [Doc. 53], and a Motion for Summary Judgment filed by defendants, Lake Charles Diesel, Inc.(LCD) and Donald Engine Service, Inc. (DES) [Doc. 55]. Both Motions for Summary Judgment indicate LCD, and its subsidiary, DES, are authorized Volvo dealers and distributors. Likewise, defendants agree LCD and/or DES sold four engines to plaintiff in early 2002, when the engines were installed in plaintiff's vessels. Defendants further provide Volvo, through LCD and/or DES, performed "warranty" work on the engines following numerous engine failures in 2002 and 2003. (*See* Volvo's Memorandum in Support of Motion for Summary Judgment, pp. 1-2; LCD and DES's Memorandum in Support of Motion for Summary Judgment, p.2; Volvo's "Warranty Reports;"and affidavits of Rick Hemy, Joe Peoples and David Beard).

The pleadings, affidavits, and exhibits set forth by defendants generally allege defendants are entitled to summary judgment in this matter, which involves alleged redhibitory defects, because: (1) plaintiff's damages are the result of plaintiff's failure in 2002 to properly install the engines

forming the basis of this dispute; (2) Volvo, LCD and DES never consulted, participated or approved of plaintiff's installation of the Volvo engines in its two vessels; and (3) plaintiff's vessels did not have necessary equipment or alarms. (*See* Volvo's Memorandum in Support of Motion for Summary Judgment, pp. 3-13; LCD/DES's Memorandum in Support of Motion for Summary Judgment, pp. 3-4; Michael De Harde's October 4, 2006 Report; and John L. Kingston's October 3, 2006 report).

In response, plaintiff submitted its Memorandum in Opposition, supporting affidavits and exhibits, arguing the engines were in fact properly installed pursuant to the satisfaction of defendants, who consulted, participated and approved plaintiff's installation, and that its vessels were equipped with necessary alarms and monitors. [Doc. 62]. Specifically, plaintiff alleges it purchased four Volvo engines forming the basis of this dispute pursuant to a proposal submitted by LCD and DES, which were aware in early 2002 that Plaintiff required engines which could provide "510 horse power at 1,800 RPM on a continuous cycle." Plaintiff further argues Joe Peoples, an authorized LCD and DES representative, visited the installation site "throughout the installation process" and was "continuously present" as the engines were installed, "in spite of his affidavit testimony to the contrary." (*See* Plaintiff's Memorandum in Opposition, pp. 1-3; Affidavits of Carla Jenkins, Travis Morace; LCD's January 18, 2002 Quote # DWB 1480).

Plaintiff's pleadings, affidavits and exhibits additionally assert LCD and DES were "present and available following the installation of the engines," yet neither defendant "questioned or expressed any concern over the installation of the engines." Further, Plaintiff urges LCD and DES were "also present at sea trials of the engines," which performed well until shortly thereafter, when LCD and DES "frequently suggested or made modifications to the engines" once plaintiff began experiencing "turbocharger failures, oil leaks, fuel leaks, and other engine malfunctions which

rendered the engines useless." (*See* Plaintiff's Opposition, pp. 7-9; affidavits of Carla Jenkins and Travis Morace).

At this time, considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court finds the plaintiff's evidence concerning the alleged facts suffices to demonstrate the existence of a genuine issue of material fact in dispute as to, among others: (1) the alleged manner of installation of the engines, air intake and exhaust systems;(2) whether defendants consulted, participated or approved the installation; (3) whether plaintiff's vessels were properly equipped with alarms and monitors; and (4) whether plaintiff had notice from defendants that there might be damage occasioned allegedly as was here due to the manner of installation.[1]

For the foregoing reasons, the defendants' Motions for Summary Judgment shall be DENIED in their entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___12___ day of December, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, Rey v. Cuccia, 298 So.2d 840 (La. 1974). This Court finds it of interest defendants' submissions arguably appear to buttress plaintiff's factual assertions, including among others: (1) defendants' pleadings indicating defendants performed "warranty" repairs for over one year following plaintiff's complaints of engine problems, (2) information in the Volvo Warranty Report indicating the number and nature of repairs that began only *nine days* after the commissioning run of the Sonny J vessel; (3) Mr. Deharde's "Warranty Repair Summary" confirming the information in the Volvo Warranty Report; and (4) Mr. Kingston's report indicating DES, pursuant to an industry "custom," was at "start up" of the engines, which were found to be operating in good order.