RECEIVED
JAN - 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| VIDALIA DOCK & STORAGE COMPANY, INC. | CIVIL ACTION NO. 04-1177 |
| VERSUS | JUDGE DOHERTY |
| DONALD ENGINE SERVICE, INC., LAKE CHARLES DIESEL, INC., AND VOLVO PENTA OF THE AMERICAS, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING AND ORDER

Pending before the Court are the following motions: (1) First Motion for New Trial or to Amend the Court's Dismissal filed by Vidalia Dock and Storage Company ("VDSC") [Doc. 113]; (2) *Ex Parte* Motion for Leave to File Motion for Sanctions Pursuant to Rule 11, filed by defendants Volvo Penta of the Americas Inc., Lake Charles Diesel, Inc., and Donald Engine Service, Inc. [Doc. 117]; and (3) Motion for Sanctions and to Assess Costs Pursuant to 28 U.S.C. §1919, also filed by defendants [Doc. 118]. VDSC's Motion for New Trial or to Amend the Court's Dismissal is opposed by defendants [Doc. 115], and VDSC has filed a Memorandum in Opposition to Defendants' Motion for Leave to File Motion for Sanctions [Doc. 121].[1] For the following reasons, defendants' *Ex Parte* Motion for Leave to File Motion for Sanctions Pursuant to FRCP 11 is GRANTED. Furthermore, although it appears defendants have not sought leave to file their Motion

---

[1] It appears that, in filing this opposition brief, VDSC was strictly complying with the Court's November 16, 2007 Minute Entry, which ordered VDSC to file an opposition brief to defendants' "motion for leave to file motion for sanctions." However, defendants have officially filed two separate motions – one for sanctions pursuant to Rule 11 and one for costs pursuant to 28 U.S.C. §1919. It appears VDSC's opposition brief addresses only defendants' motion for sanctions pursuant to Rule 11. Nevertheless, because defendants will be permitted an opportunity to file additional briefing in support of their motions for sanctions/costs, VDSC will be permitted an opportunity to file a supplemental memorandum in opposition to defendants' motions to address the issue of costs.

for Sanctions and to Assess Costs Pursuant to 28 U.S.C. §1919, to the extent that defendants intended their request for leave in connection with their Rule 11 motion to apply to their Section 1919 motion, such leave is GRANTED. Finally, the Court's ruling on VDSC's Motion for New Trial or to Amend the Court's Dismissal is DEFERRED.

1.     **Factual Background and Procedural History**

This case, which has been pending in this Court for more than four years, has a tortuous procedural history that the Court will not recite in this ruling. The parties are well aware that in April 2007, this Court raised *sua sponte* the issue of subject matter jurisdiction over the plaintiff's claims. At that time, the Court stayed all discovery in the case except discovery related to the issue of subject matter jurisdiction and sanctions against VDSC for certain failures to cooperate in the discovery process [Doc. 94]. The Court also issued a briefing schedule related to the issue of subject matter jurisdiction. On October 9, 2007, after review of all briefs filed by the parties, the Court concluded subject matter jurisdiction does not exist and dismissed plaintiffs' claims with prejudice [Doc. 11]. The parties were ordered to submit a proposed judgment, approved as to form, within ten days.

On October 15, 2007, defendants submitted a Proposed Judgment, which states all of plaintiffs' claims are dismissed with prejudice. Shortly thereafter, the Court was contacted by counsel for VDSC, who stated VDSC had not approved the language in the Proposed Judgment, believing dismissal of its claims should be *without* prejudice. Counsel for VDSC stated a motion to amend the Court's ruling would be filed shortly. On October 18, 2007, VDSC filed its First Motion for New Trial or to Amend the Court's Dismissal, arguing dismissal of VDSC's claims should be without prejudice, inasmuch as the dismissal was based on lack of subject matter

jurisdiction and there had been no adjudication of plaintiff's claims on the merits.

On November 5, 2007, defendants filed an opposition brief, contending this Court has the power to order dismissal with prejudice as a sanction for VDSC's refusal to dismiss its claims against defendants when all of the evidence showed this Court did not have subject matter jurisdiction. In support of their argument, defendants cited *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123(1991), as well as an Eighth Circuit case, *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). Also in that brief, defendants included a "motion for leave to file sanctions and to assess costs pursuant to 28 U.S.C 1919." The motion for sanctions was deemed deficient, and defendants thereafter filed two, separate corrective documents: (1) *Ex Parte* Motion for Leave to File Motion for Sanctions Pursuant to Rule 11; and (2) Motion for Sanctions and to Assess Costs Pursuant to 28 U.S.C. §1919.

On November 16, 2007, this Court issued a Minute Entry containing the following orders: (1) defendants were to file a supplemental memorandum in opposition to VDSC's motion stating whether there is *any Fifth Circuit authority* for the Court's dismissal of the instant case *with prejudice*; and (2) VDSC was to file an opposition brief to defendants' *ex parte* motion for leave to file a motion for sanctions, stating why leave should not be granted for the filing of such motion. Defendants were also notified that, should leave be granted to file their motion for sanctions, in considering such motion and in considering the motion to assess costs pursuant to 28 U.S.C. §1919, this Court would need further briefing from defendants regarding exactly *what actual costs* they would be entitled to pursuant to 28 U.S.C. §1919.

The aforementioned supplemental briefs are now before the Court.

2.  **Law and Discussion**

First, the Court notes VDSC filed its "Motion for New Trial or to Amend the Court's Dismissal" pursuant to Rule 59(2) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to alter or amend a judgment, so long as a motion to alter or amend is "filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The Fifth Circuit has stated that, regardless of the caption of a post-trial motion, "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e)." *Matter of Fellows*, 19 F.3d 245, 246 (5th Cir. 1994), citing *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir.1986) (*en banc*) (interpreting former Fed.R.App.P. 4) (quoting 9 Moore's Federal Practice para. 204.12[1] at 4-67 (1985), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

In the instant case, no final judgment has been rendered. Indeed, the motion before the court is a pre-judgment motion, inasmuch as it was filed prior to the filing of the Judgment. Nevertheless, to the extent the instant motion seeks to correct a finding of fact or conclusion of law in the Court's October 9, 2007 Memorandum Ruling, the Court concludes the instant motion is properly filed pursuant to Rule 59(e).

District courts have substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). See *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Nevertheless, the jurisprudence shows Rule 59(e) recognizes only three grounds on which to alter or amend reasons for judgment: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563,

566 (5th Cir. 2003).

In the instant case, VDSC argues Rule 41(b) of the Federal Rules of Civil Procedure and Fifth Circuit caselaw dictate that dismissal should be without prejudice. VDSC's argument appears to be well-founded. Rule 41(b) of the Federal Rules of Civil Procedure, which deals with involuntary dismissals, states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b) (emphasis added).

In *Verret v. Elliot Equipment Corp.*, 734 F.2d 235, 238 (5th Cir. 1984), the Fifth Circuit, citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981), held "a dismissal for lack of subject matter jurisdiction in federal court is *not* on the merits and therefore is not with prejudice with regard thereto." (emphasis in original). *See also Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir.1996) (a dismissal for lack of jurisdiction is not a decision on the merits and should be without prejudice); *Hopwood v. Texas*, 78 F.3d 932, 961 (5th Cir. 1996), *rev'd on other grounds*, 236 F.3d 256 ("While a dismissal for lack of jurisdiction does not operate as an adjudication on the merits, '[t]his provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action.'").

In response, VDSC argues dismissal with prejudice is permissible in the instant case as a sanction pursuant to Rule 11. In support of this argument, defendants initially cited only the Supreme Court case of *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123(1991) and the

Eighth Circuit case of *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). In response to the Court's order requiring supplemental briefing, defendants cited the Fifth Circuit case of *Estate of Hester v. Nationsbank*, 59 F.3d 1242 (5th Cir. 1995) in support of its argument that the Fifth Circuit permits dismissal with prejudice as a sanction even in cases in which the court dismissed for lack of jurisdiction.

> In *Chambers*, the Court stated:
>
> Because of their very potency, inherent powers must be exercised with restraint and discretion. See *Roadway Express, supra*, 447 U.S., at 764, 100 S.Ct., at 2463. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *As we recognized in Roadway Express, outright dismissal of a lawsuit, which we had upheld in Link, is a particularly severe sanction, yet is within the court's discretion. 447 U.S., at 765, 100 S.Ct., at 2463. Consequently, the "less severe sanction" of an assessment of attorney's fees is undoubtedly within a court's inherent power as well. Ibid.* See also *Hutto v. Finney*, 437 U.S. 678, 689, n. 14, 98 S.Ct. 2565, 2573, n. 14, 57 L.Ed.2d 522 (1978).

501 U.S. at 44-45, 111 S.Ct. at 2132-33 (emphasis added). VDSC argues the foregoing language stands for the proposition that dismissal with prejudice is a permissible sanction for VDSC's continuing false allegation of diversity jurisdiction. However, this Court concludes the facts and circumstances in *Chambers* were far more egregious than those in the instant case. Indeed, the plaintiff in Chambers was found to have engaged in acts "which degrade the judicial system, including attempts to deprive the Court of jurisdiction, fraud, [and] misleading and lying to the Court." 501 U.S. at 41-42. Such actions included refusing to allow defendant to inspect plaintiff's corporation's financial records in violation of a court order; filing a series of meritless motions and pleadings; taking actions to deliberately delay the proceedings; and scheduling depositions in an effort to harass defendants.

Similarly, the Court concludes the conduct in the instant case is not as egregious as the conduct in the *Pope* case. In *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992), a case involving claims of sexual harassment brought by the plaintiff against her employer, the district court determined "manufactured evidence and perjured testimony had been introduced in an attempt to enhance plaintiff's case through fraudulent conduct." Finding these actions abused the judicial process, the district court dismissed plaintiff's case with prejudice. *Id.*

The facts of *Hester*, too, are dissimilar to the facts of the instant case. In *Hester*, husband-and-wife plaintiffs filed a lender liability lawsuit against a bank for claims related to their oil and gas business. One week later, plaintiffs filed a Chapter 11 bankruptcy petition seeking reorganization of their business. Subsequently, the bankruptcy court confirmed a reorganization plan that called for the settlement and dismissal with prejudice of the plaintiff's lender liability suit. 59 F.3d at *1. After the husband's death, his widow appealed the confirmation of the plan to the district court, which dismissed the appeal for want of prosecution. *Id.*

The Fifth Circuit subsequently affirmed the dismissal. At that point, unwilling to accept these judgments, "Hester began a relentless judicial campaign, including 23 appeals to this court, challenging orders issued by the bankruptcy court." *Id.* The bankruptcy court dismissed an adversary action filed by plaintiff in the bankruptcy proceeding, and granted defendants's request for imposition of sanctions against Hester for Hester's "clearly vexatious litigation." The district court affirmed both the dismissal of the adversary action and the imposition of sanctions and entered an injunction requiring leave of court to file a new complaint. Thereafter, without seeking leave, plaintiff filed a new complaint. The district court dismissed the complaint with prejudice, finding that plaintiff's claims were frivolous, barred by the doctrine of *res judicata*, and that Hester had

violated the court's docket control order. The Fifth Circuit affirmed, stating the district court "acted within its discretion" *Id.* at 2.

This Court finds the facts of *Hester* – and of *Chambers* and *Pope* – are far more egregious than those in the instant case. Here, it does not appear VDSC engaged in blatantly fraudulent conduct, that is, it does not appear VDSC presented manufactured evidence or perjured testimony in an attempt to persuade this Court that subject matter jurisdiction exists. Indeed, it is *because of* the evidence VDSC introduced – evidence showing the VDSC's contacts with both Louisiana and Mississippi– that this Court determined subject matter jurisdiction does not exist.

Moreover, this Court notes the issue of subject matter jurisdiction was raised by the Court *sua sponte* after the case had been pending in this Court for approximately four years. Thus, it does not appear the issue of subject matter jurisdiction was so obvious or apparent that VDSC should have voluntarily dismissed its claims in this forum, given that the defendants did not raise it as an issue for that two year period.

Despite the foregoing, the Court declines to conclude dismissal of this case should be without prejudice *at this time*. Even if VDSC did not engage in outright fraud in connection with the issue of subject matter jurisdiction, this Court has grave concerns regarding the manner in which VDSC participated in discovery in this case. The record shows VDSC waited months to produce certain discovery in this case, discovery that ultimately was used as evidence to support defendants' contention that subject matter jurisdiction did not exist. Thus, the Court will permit the filing of defendants' motion for sanctions pursuant to Rule 11 and motion for costs pursuant to 28 U.S.C. §1919. It is well-established a district court can award Rule 11 sanctions in a case in which it has been determined that subject matter jurisdiction did not exist. *See, e.g., Wily v. Coastal Corp.*, 112

S.Ct. 1976, 1079-81 (1992); *Ratliff v. Stewart*, --- F.3d --- 2007 WL 3353624, *3 (5th Cir. 2007) ("Although a district court no longer had jurisdiction over the subject matter of the dispute, the collateral jurisdiction doctrine permits courts to sanction lawyers, even after a final judgment on the underlying merits."). Thus, this Court ORDERS briefing on the issue of sanctions, costs, and/or attorneys' fees and if they should be awarded to defendants in connection with VDSC's abuse of the discovery process in this case. Upon consideration of the briefs in connection with the issues of sanctions and costs, the Court will re-evaluate the issue of whether this case should be dismissed with or without prejudice and issue a final ruling in connection therewith.

Considering the foregoing, IT IS ORDERED that defendants' *Ex Parte* Motion for Leave to File Motion for Sanctions Pursuant to FRCP 11 [Doc. 117] is GRANTED.

IT IS FURTHER ORDERED that defendants' Motion for Sanctions and to Assess Costs Pursuant to 28 U.S.C. §1919 shall be filed into the record if it has not already been docketed by the Clerk of Court.

IT IS FURTHER ORDERED that, to the extent defendants wish to supplement their motion for sanctions or motion for costs, any supplemental briefs shall be filed on or before February 7, 2008. IT S FURTHER ORDERED that any supplemental brief shall set forth exactly what actual costs defendants may be entitled to pursuant to 28 U.S.C. §1919 and Fifth Circuit jurisprudence under the facts and circumstances of this case.

IT IS FURTHER ORDERED that VDSC shall file any responsive or supplemental responsive briefs on or before March 7, 2008.

IT IS FURTHER ORDERED that VDSC's Motion for New Trial or to Amend the Court's Dismissal is DEFERRED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _9_ day of January, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE