**RECEIVED**

APR 1 7 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

VIDALIA DOCK & STORAGE
COMPANY, INC.

VERSUS

DONALD ENGINE SERVICE, INC.,
LAKE CHARLES DIESEL, INC., AND
VOLVO PENTA OF THE AMERICAS, INC.

CIVIL ACTION NO. 04-1177

JUDGE DOHERTY

MAGISTRATE JUDGE METHVIN

## <u>MEMORANDUM RULING</u>

Pending before the Court are the following: (1) Motion for New Trial or to Amend the

Court's Dismissal filed by Vidalia Dock & Storage Company, Inc. ("VDSC") [Doc. 113]; (2)

Motion for Sanctions Pursuant to Rule 11 filed by defendants Donald Engine Service, Inc., Volvo

Penta of the Americas, Inc., and Lake Charles Diesel, Inc. ("defendants") [Doc. 125]; and (3) Motion

to Assess Costs Pursuant to 28 U.S.C. §1919 filed by defendants [Doc. 123].   The motions are

opposed.  [Docs. 115, 129].

## I.    **Factual History and Procedural Background**

VDSC filed the instant matter on December 22, 2003 in the Eastern District of Louisiana

seeking damages for defective marine engines purchased from defendants Donald Engine Service,

Inc. ("DES") and Lake Charles Diesel, Inc. ("LCD"), and manufactured by defendant Volvo Penta

of the Americas ("Volvo") (collectively, "the defendants").  The complaint alleged jurisdiction based

on diversity of citizenship pursuant to 28 U.S.C. §1332 alleging that DES and LCD are Louisiana

entities, Volvo is a Virginia corporation, and VDSC is a corporation organized under the laws of

Mississippi.  On May 19, 2004, the matter was transferred from the Eastern District of Louisiana to

this Court.

During an April 20, 2007 telephone status conference with counsel for all parties, the Court raised *sua sponte* the issue of subject matter jurisdiction, noting it appeared that VDSC actually has its principal place of business in Vidalia, Louisiana, rather than in Natchez, Mississippi, and is, therefore, a citizen of Louisiana for purposes of diversity jurisdiction. At that time, the Court stayed all discovery in the case except discovery related to the issue of subject matter jurisdiction and requested sanctions against VDSC for certain failures to cooperate in the discovery process and ordered a briefing schedule related to the issues of subject matter jurisdiction.

On October 9, 2007, after all briefing was complete, the Court issued a ruling wherein the Court concluded VDSC is a Louisiana corporation, rather than a Mississippi corporation, for purposes of jurisdiction. Accordingly, the Court concluded there is no complete diversity of citizenship among the parties, and, consequently, this Court does not have subject matter jurisdiction over this case. The Court dismissed the case with prejudice and ordered the parties to submit a judgment, approved as to form, within ten days. [Docs. 110 & 111).

On or around October 15, 2007, counsel for DES, LCD, and Volvo submitted a judgment, which states "all claims before the Court in the captioned matter are dismissed with prejudice as this Court does not have subject matter jurisdiction in this matter." Shortly thereafter, counsel for VDSC contacted the Court to advise it had not approved the judgment submitted by defendants, because it could not agree that all claims should be dismissed with prejudice. Rather, VDSC stated it intended to file a motion for new trial and/or to amend judgment to urge the Court to amend its October 9, 2007 ruling to state that dismissal of all claims is without prejudice.

## II.   **Law and Discussion**

### A.   **VDSC's Motion for New Trial or to Amend the Court's Dismissal [Doc. 113]**

In its Motion for New Trial or to Amend the Court's Dismissal, VDSC seeks an order of this Court declaring the dismissal of VDSC's claims is without prejudice. Such relief is sought pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Rule 59(e) allows a court to alter or amend a judgment, so long as a motion to alter or amend is "filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e). The Fifth Circuit has stated that, regardless of the caption of a post-trial motion, "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e)." *Matter of Fellows*, 19 F.3d 245, 246 (5th Cir. 1994), citing *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir.1986) (*en banc*) (interpreting former Fed.R.App.P. 4) (quoting 9 Moore's Federal Practice para. 204.12[1] at 4-67 (1985), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

In the instant case, no final judgment has been rendered. Indeed, the motion before the court is a pre-judgment motion, inasmuch as it was filed prior to the filing of the Judgment. Nevertheless, to the extent the instant motion seeks to correct a finding of fact or conclusion of law in the Court's October 9, 2007 Memorandum Ruling, the Court concludes the instant motion is properly filed pursuant to Rule 59(e).

District courts have substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). See *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Nevertheless, the jurisprudence shows Rule 59(e) recognizes only three grounds on which

to alter or amend reasons for judgment: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

In the instant case, VDSC argues Rule 41(b) of the Federal Rules of Civil Procedure and Fifth Circuit caselaw dictates dismissal should be without prejudice. VDSC's argument appears to be well-founded as to a dismissal as to lack of subject matter jurisdiction. Rule 41(b) of the Federal Rules of Civil Procedure, which deals with involuntary dismissals, states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b) (emphasis added).

In *Verret v. Elliot Equipment Corp.*, 734 F.2d 235, 238 (5th Cir. 1984), the Fifth Circuit, citing *Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1157 (5th Cir. 1981), held "a dismissal for lack of subject matter jurisdiction in federal court is *not* on the merits and therefore is not with prejudice with regard thereto." (emphasis in original). *See also Warnock v. Pecos County,* 88 F.3d 341, 343 (5th Cir.1996) (a dismissal for lack of jurisdiction is not a decision on the merits and should be without prejudice); *Hopwood v. Texas,* 78 F.3d 932, 961 (5th Cir. 1996), *rev'd on other grounds,* 236 F.3d 256 ("While a dismissal for lack of jurisdiction does not operate as an adjudication on the merits, '[t]his provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action.'").

In response, defendants argue dismissal with prejudice is permissible in the instant case as a sanction pursuant to Rule 11. In support of this argument, defendants initially cited only the Supreme Court case of *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44-45, 111 S.Ct. 2123(1991) and the Eighth Circuit case of *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992). In response to the Court's order requiring supplemental briefing, defendants cited the Fifth Circuit case of *Estate of Hester v. Nationsbank*, 59 F.3d 1242 (5th Cir. 1995) in support of its argument the Fifth Circuit permits dismissal with prejudice as a sanction even in cases in which the court dismissed for lack of jurisdiction.

In *Chambers*, the Court stated:

> Because of their very potency, inherent powers must be exercised with restraint and discretion. See *Roadway Express, supra,* 447 U.S., at 764, 100 S.Ct., at 2463. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *As we recognized in Roadway Express, outright dismissal of a lawsuit, which we had upheld in Link, is a particularly severe sanction, yet is within the court's discretion. 447 U.S., at 765, 100 S.Ct., at 2463. Consequently, the "less severe sanction" of an assessment of attorney's fees is undoubtedly within a court's inherent power as well. Ibid. See also Hutto v. Finney,* 437 U.S. 678, 689, n. 14, 98 S.Ct. 2565, 2573, n. 14, 57 L.Ed.2d 522 (1978).

501 U.S. at 44-45, 111 S.Ct. at 2132-33 (emphasis added). VDSC argues the foregoing language stands for the proposition that dismissal with prejudice is a permissible sanction for VDSC's continuing false allegation of diversity jurisdiction. However, this Court concludes the facts and circumstances in *Chambers* were far more egregious than those in the instant case. Indeed, the plaintiff in *Chambers* was found to have engaged in acts "which degrade the judicial system, including attempts to deprive the Court of jurisdiction, fraud, [and] misleading and lying to the Court." 501 U.S. at 41-42. Such actions included refusing to allow defendant to inspect plaintiff's

corporation's financial records in violation of a court order; filing a series of meritless motions and pleadings; taking actions to deliberately delay the proceedings; and scheduling depositions in an effort to harass defendants.

Similarly, the Court concludes the conduct in the instant case is not as egregious as the conduct in the *Pope* case. In *Pope v. Federal Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992), a case involving claims of sexual harassment brought by the plaintiff against her employer, the district court determined "manufactured evidence and perjured testimony had been introduced in an attempt to enhance plaintiff's case through fraudulent conduct." Finding these actions abused the judicial process, the district court dismissed plaintiff's case with prejudice. *Id.*

The facts of *Hester*, too, are dissimilar to the facts of the instant case. In *Hester*, husband-and-wife plaintiffs filed a lender liability lawsuit against a bank for claims related to their oil and gas business. One week later, plaintiffs filed a Chapter 11 bankruptcy petition seeking reorganization of their business. Subsequently, the bankruptcy court confirmed a reorganization plan that called for the settlement and dismissal with prejudice of the plaintiff's lender liability suit. 59 F.3d at *1. After the husband's death, his widow appealed the confirmation of the plan to the district court, which dismissed the appeal for want of prosecution. *Id.*

The Fifth Circuit subsequently affirmed the dismissal. At that point, unwilling to accept these judgments, "Hester began a relentless judicial campaign, including 23 appeals to this court, challenging orders issued by the bankruptcy court." *Id.* The bankruptcy court dismissed an adversary action filed by plaintiff in the bankruptcy proceeding, and granted defendants's request for imposition of sanctions against Hester for Hester's "clearly vexatious litigation." The district court affirmed both the dismissal of the adversary action and the imposition of sanctions and entered

an injunction requiring leave of court to file a new complaint. Thereafter, without seeking leave, plaintiff filed a new complaint. The district court dismissed the complaint with prejudice, finding that plaintiff's claims were frivolous, barred by the doctrine of *res judicata*, and that Hester had violated the court's docket control order. The Fifth Circuit affirmed, stating the district court "acted within its discretion" *Id.* at 2.

This Court finds the facts of *Hester, Chambers,* and *Pope* are far more egregious than those in the instant case. Here, it does not appear VDSC engaged in blatantly fraudulent conduct, that is, it does not appear VDSC presented manufactured evidence or perjured testimony in an attempt to persuade this Court that subject matter jurisdiction exists. Indeed, it is *because of* the evidence VDSC introduced – evidence showing the VDSC's contacts with both Louisiana and Mississippi– that this Court determined subject matter jurisdiction does not exist. Furthermore, the underlying claims in the instant case do not appear to be wholly frivolous. VDSC filed the instant lawsuit alleging the defendants sold it defective engines for vessels owned[1] and operated by VDSC, which caused business losses. Despite the circumstances of this case with respect to discovery abuses and the Court's finding it lacked subject matter jurisdiction, this Court has not concluded the claims in the underlying dispute are wholly frivolous.

Moreover, this Court notes the issue of subject matter jurisdiction was raised *by the Court sua sponte* after the case had been *pending for approximately three and a half years.* Thus, it does not appear the lack of subject matter jurisdiction was so obvious or apparent that VDSC should have voluntarily dismissed its claims in this forum, particularly as the defendants did not raise it as an

---

[1] Whether VDSC actually owned the vessels in question during the relevant time period is an issue addressed in this Court's ruling on the pending Motion for Rule 11 Sanctions, discussed *infra.*

issue at any time during that three-and-a-half year period.

In the October 9, 2007 Memorandum Ruling, the Court concluded it lacks subject matter jurisdiction. Dismissal for want of subject matter jurisdiction is not an adjudication on the merits, and, thus, dismissal of all claims "with prejudice" on that basis was error. Pursuant to the statutory and jurisprudential authority discussed hereinabove, the dismissal of all claims for want of subject matter jurisdiction should have been without prejudice.

Considering the foregoing, IT IS ORDERED that VDSC's Motion for New Trial or to Amend the Court's Dismissal [Doc. 113], so as to properly reflect that the Court's dismissal of all claims in this matter is *without prejudice,* is GRANTED. The Court will issue a Judgment that conforms with the Court's ruling this date.

### B.    Defendants' Motion for Sanctions Pursuant to Rule 11 [Doc. 125]

In their Motion for Sanctions Pursuant to Rule 11, which was actually prepared by defendants in May 2007, prior to this Court's ruling it is without subject matter jurisdiction, defendants sought the following: (1) dismissal of VDSC's complaint *with prejudice* as a result of VDSC's failure to properly plead jurisdiction in this matter; (2) an award of all attorney's fees incurred to date as a result of VDSC's failure to properly plead jurisdiction in this matter; (3) an award of all costs, including attorneys' fees, incurred in connection with the court-ordered discovery and motion practice related to the issue of jurisdiction in this matter; (4) in the event the Court finds subject matter jurisdiction, an order that VDSC amend its complaint to properly show it no longer owns the M/V SONNY J and M/V CARLA J, and an order striking all allegations in the case thus far that VDSC is the owner of these vessels; and (5) in the event the Court finds subject matter jurisdiction, an order that VDSC amend its complaint to properly and completely allege the damages VDSC

allegedly sustained and for which VDSC seeks recovery.      In its Supplemental Memorandum in Support of Rule 11 Sanctions, defendants also seek Rule 11 sanctions for VDSC's "vexatious" litigation tactics, including: (1) VDSC's concealment of certain discovery responses, including corporate tax returns, bank statement, financial statements, vessel maintenance logs, and vessel daily logs; (2) VDSC's false statements concerning the ownership of the M/V SONNY J and M/V CARLA J; and (3) VDSC's concealment of the amount in controversy.

When parties or their attorneys engage in bad faith conduct, a court should ordinarily rely on the Federal Rules of Civil Procedure as the basis for sanctions. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123, 2136, 115 L.Ed.2d 27 (1991), cited in *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1410 (5th Cir. 1993). Rule 11 of the Federal Rules of Civil Procedure addresses abuses of the litigation process in connection with the signing of papers.

Rule 11(b) states:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) expressly provides for sanctions for violations of the rule. *See, generally,*

Fed.R.Civ.P. 11(c).[2]  Rule 11(d) expressly states the rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.  *See* Fed.R.Civ.P. 11(d).[3]

_____

[2] Rule 11(c) states:

**(c) Sanctions.**

    **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

    **(2)** *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

    **(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

    **(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

    **(5)** *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

        **(A)** against a represented party for violating Rule 11(b)(2); or

        **(B)** on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

    **(6)** *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

Fed.R.Civ.P. 11(c).  This Court notes Rule 11 was substantially amended in 1993.  The effective date of those amendments was December 1, 1993.

[3] Rule 11(d) states:

    **(d) Inapplicability to Discovery.** This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Fed.R.Civ.P.11(d).

The Fifth Circuit has interpreted Rule 11 to impose three affirmative duties with which an attorney or litigant certifies he or she has complied by signing a pleading, motion, or other document. These duties are: (1) the attorney has conducted a reasonable inquiry into the facts which support the document; (2) the attorney has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and (3) the modification is not interposed for purposes of delay, harassment, or increasing the costs of litigation. *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018 at 1023-24 (5th Cir. 1994), *citing Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (*en banc*).

Compliance with the foregoing affirmative duties is measured as of the time the document is signed. *Childs*, 29 F.3d at 1024. Thus, Rule 11 does not impart a continuing duty, but requires only that each filing comply with its terms as of the time the paper is signed. *Edwards v. General Motors Corp.*, 153 F.3d 242, 245 (5th Cir.), citing *Thomas*, 836 F.2d at 874. Consequently, an attorney cannot be sanctioned simply for a failure to withdraw pleadings filed in state court that would have violated Rule 11 had they been filed in federal court. Moreover, the standard under which an attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances. *Id.* at 1024, *citing Thomas*, 836 F.2d. at 873. *See also United States v. Alexander*, 981 F.2d 250, 252 (5th Cir. 1993). Thus, an attorney's good faith is no longer enough to protect him from Rule 11 sanctions. *Childs*, 29 F.3d at 1024, *citing Robinson v. National Cash Register, Co.*, 808 F.2d 1119, 1127 (5th Cir.1987).

Furthermore, once a violation of Rule 11 is established, the rule mandates the application of sanctions. As the Fifth Circuit stated in *Thomas*, "[t]here are no longer any 'free passes' for

attorneys and litigants who violate Rule 11." 836 F.2d at 876. Nevertheless, in concluding Rule 11 requires the imposition of sanctions once a violation has been found, the Fifth Circuit has stressed that "the district court is vested with considerable discretion in determining the 'appropriate' sanction under the rule." *Id.* at 877.

The Court now addresses each of the grounds for Rule 11 sanctions asserted by defendants.

### 1.    Dismissal of VDSC's complaint with prejudice

This Court has determined the dismissal of VDSC's claims shall be without prejudice as to the issue of subject matter jurisdiction, or the lack thereof, for the reasons stated previously in this ruling and found below. Therefore, defendants' motion for dismissal of VDSC's complaint with prejudice as a sanction for VDSC's failure to properly plead jurisdiction and its abuse of the discovery process is DENIED.

### 2.    An award of all attorney's fees incurred to date as a result of VDSC's failure to properly plead jurisdiction in this matter

Defendants seek, as a sanction, an award of all attorney's fees incurred to date as a result of VDSC's failure to properly plead jurisdiction in this matter. In response, VDSC contends this Court's finding there was a lack of subject matter jurisdiction is no basis for Rule 11 sanctions. This Court agrees.

As the Court has previously stated, the issue of subject matter jurisdiction was raised by the Court *sua sponte* after the instant case had been pending for approximately three and a half years. Thus, it does not appear the lack of subject matter jurisdiction was so obvious or apparent that VDSC should have voluntarily dismissed its claims in this forum, particularly as the defendants did not raise it as an issue during the three-and-a-half year period the matter was pending in federal court.

Furthermore, this Court notes federal district courts often conclude there is an absence of subject matter jurisdiction without awarding sanctions against the party that brought the case in federal court. To do so would most certainly chill the filing of legitimate lawsuits in federal court.

Thus, for the foregoing reasons, defendants' motion for an award of all attorney's fees incurred to date as a result of VDSC's failure to properly plead jurisdiction in this matter is DENIED.

> **3. An award of all costs, including attorneys' fees, incurred in connection with the court-ordered discovery and motion practice related to the issue of jurisdiction in this matter**

Defendants seek an award of all costs, including attorneys' fees, incurred in connection with the court-ordered discovery and motion practice related to the issue of jurisdiction in this matter. Related to this request is the request, included in defendant's supplemental memorandum in support of the motion for Rule 11 sanctions, for sanctions associated with VDSC's concealment of certain responsive discovery. Specifically, defendants contend VDSC concealed requested corporate tax returns, bank statements, financial statements, vessel maintenance logs, and vessel daily logs, which totaled 24 boxes of documents containing in excess of 85,000 unproduced documents that were responsive to discovery requests propounded by Volvo Penta in September 2006 and additional requests propounded by Lake Charles Diesel and Donald Engine Service in January 2007. The requested documents were not produced until April 17, 2007, after this Court ordered them produced.

VDSC argues discovery sanctions are not permitted under Rule 11. VDSC further contends it paid over $18,000 in scanning and production costs to supply defendants with their requested discovery pursuant to this Court's order in response to VDSC's conduct, that VDSC, rather than

defendants, pay the costs associated with the production of the documents.  Thus, VDSC contends

it has already been "sanctioned," and any additional penalty would be punitive instead of remedial.

This Court agrees.  The Court ordered VDSC pay all costs associated with the production of

responsive documents that VDSC claimed to have "discovered" long after responses were due

pursuant to Rule 37(a)(5)(A)[4] of the Federal Rules of Civil Procedure.  This Court concludes the

amount VDSC has already paid to produce those documents is a sufficient, and indeed significant,

sanction for discovery abuses, and that an additional Rule 11 sanction is not warranted under the

circumstances.  Therefore, defendants' motion for an award of all costs, including attorneys' fees,

incurred in connection with the court-ordered discovery and motion practice related to the issue of

jurisdiction in this matter and for VDSC's failure to timely produce responsive documents is

DENIED.

---

[4] Rule 37(a)(5)(A) states:

**(5)** *Payment of Expenses; Protective Orders.*

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the
> motion is granted--or if the disclosure or requested discovery is provided after the motion
> was filed--the court must, after giving an opportunity to be heard, require the party or
> deponent whose conduct necessitated the motion, the party or attorney advising that
> conduct, or both to pay the movant's reasonable expenses incurred in making the motion,
> including attorney's fees. But the court must not order this payment if:
>
> > **(i)** the movant filed the motion before attempting in good faith to obtain the
> > disclosure or discovery without court action;
> >
> > **(ii)** the opposing party's nondisclosure, response, or objection was substantially
> > justified; or
> >
> > **(iii)** other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

> **4.**   **In the event the Court found subject matter jurisdiction, an order that VDSC amend its complaint to properly show it no longer owns the M/V SONNY J and M/V CARLA J and an order striking all allegations that VDSC is the owner of these vessels, as well as an order that VDSC amend its complaint to properly and completely allege the damages VDSC allegedly sustained and for which VDSC seeks recovery**

These matters are moot, as this Court found it does not have subject matter jurisdiction.

Therefore, the foregoing requests for relief are DENIED AS MOOT.

> **5.**   **VDSC's false statements concerning the ownership of the M/V SONNY J and M/V CARLA J**

Defendants seek Rule 11 sanctions for VDSC's failure to disclose during the course of this litigation the true ownership of the M/V SONNY J and the M/V CARLA J. Specifically, defendants contend VDSC's Complaint, Opposition to Volvo Penta's Motion for Summary Judgment, and Opposition to Volvo Penta's Motion to Exclude Expert Report and Testimony of Matthew F. Winkler (Exhibit "2-F", p. 2.) represent that Vidalia *owns* the M/V SONNY J. Defendants also contend all expert reports submitted to date on behalf of VDSC represent the M/V SONNY J, as well as the M/V CARLA J – a vessel for which VDSC now claims approximately $5,500,000.00 in damages for lost profits – are owned by VDSC. However, defendants attach to their Supplemental Memorandum in Support of Motion for Rule 11 Sanctions certain abstracts of title, which confirm VDSC *never* owned the CARLA J and *sold* the SONNY J within four months of filing the instant lawsuit in December 2003.[5] Defendants contend VDSC has never amended its complaint to reflect the sale of the SONNY J or its lack of any ownership interest in the CARLA J.

In response, VDSC states "[a]ll of the vessels were either owned or leased by VDSC during

---

[5] See Exhibit 2-H, *in globo*, attached to defendants' Supplemental Memorandum in Support of Motion for Rule 11 Sanctions, Doc. 125.

all times pertinent to this litigation, and all vessels were operated by VDSC during all relevant times." Although VDSC confirms it transferred the M/V SONNY J to another family-owned entity, Red Rock Express, it states it then leased the M/V SONNY J back to VDSC. VDSC also confirms although the M/V CARLA J is owned by sister company Two-J Ranch, the vessel was leased to VDSC during the relevant time period. VDSC contends its claims for business losses due to the damages to these vessels are unchanged by these facts, and argues "[t]he actual ownership of the vessels is irrelevant to VDSC's claims, and is particularly irrelevant for a motion for sanctions."

After consideration of the arguments of the parties, this Court concludes VDSC's representations that it *owned* the M/V CARLA J and its failure to disclose that it *sold* the M/V SONNY J during the course of this litigation and its claim, as a corporation, for damages for loss of use for a vessel or vessels it did not own and for claims for costs of and for defective engines placed in vessels *they did not own* are violations of Rule 11, inasmuch as they are deliberate misrepresentations of fact that were either known by counsel at the time of the filing of the court documents in question or should have been known to counsel in subsequent phases of the litigation and subsequent filings of court documents. Furthermore, this Court wholly disagrees with VDSC's assertion that VDSC's conduct as to such patently factually incorrect information in a claim arguing recovery for alleged defective engines placed in vessels *they do not own* and for loss of use of vessels *they do not own*, is not relevant to the instant sanctions review. What rights they might or might not have as a leasee of a vessel are not the same as those rights they might or might not have as owner of a vessel. Such rights touch upon even the right to bring the claims as made.

The Fifth Circuit has held that even *one* isolated factual misrepresentation may serve as the basis for Rule 11 sanctions. *See, e.g., Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255,

-16-

265 (5th Cir. 2007) (affirming district court's issuance of a public-reprimand sanction for improperly quoting an individual in an opposition brief to a motion for summary judgment), *citing Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1357 (Fed.Cir. 2003) (affirming a sanction for miscitation and mischaracterization of authority "because, in quoting from and citing published opinions, [counsel] distorted what the opinions stated by leaving out significant portions of the citations or cropping one of them, and failed to show that she and not the court had supplied the emphasis in one of them").

In the instant case, although counsel for VDSC accurately identified VDSC as the owner of the M/V SONNY J in the original complaint, counsel for VDSC misrepresented the ownership of the M/V SONNY J in both its Opposition to Volvo Penta's Motion for Summary Judgment [Doc. 59] and Opposition to Volvo Penta's Motion to Exclude Expert Report and Testimony of Matthew F. Winkler [Doc. 64] when it identified the M/V SONNY J as a VDSC vessel.[6]  The record shows attorney S. Ault Hootsell III signed both of these briefs on behalf of VDSC.  VDSC does not dispute it did not own the M/V SONNY J at the time the briefs were filed.

With regard to the M/V CARLA J, this Court has questions regarding whether Rule 11 sanctions may be assessed against counsel for VDSC in connection with the ownership allegations concerning this vessel.  The offending conduct with respect to this vessel is the production of VDSC's expert report, authored by J. Stuart Woods, in which Mr. Woods represents VDSC owns the M/V CARLA J.  However, counsel for VDSC did not sign the report.  Neither party has briefed

---

[6] In its Opposition to Volvo Penta's Motion for Summary Judgment [Doc. 59], VDSC alleges "In February 2002, VDSC sought to re-power *two of its vessels, the M/V Sonny J. . . and the M/V Bettye M. Jenkins...*" (emphasis added).  The Court notes this allegation is also contained in VDSC's Opposition to the Motion for Summary Judgment filed by lake Charles Diesel and Donald Engine [Doc. 62].  In its Opposition to Volvo Penta's Motion to Exclude Expert Report and Testimony of Matthew F. Winkler [Doc. 64], VDSC alleges the four engines it purchased "were installed *on two VDSC tugboats.*" (emphasis added).

the issue of whether Rule 11 sanctions may be imposed against an attorney for misstatements of fact in a party's expert report when the attorney did not sign the report, and this Court's own research on the issue found no case on point. Thus, although the Court notes the practice of permitting an expert to misstate facts in an expert report and failing to correct such misstatement of fact may constitute, at best, poor lawyering, it appears, without knowing from where Woods obtained his information, counsel for VDSC did not commit a Rule 11 violation in connection with the issuance of this expert report.

Nonetheless, considering the foregoing, defendants' motion for Rule 11 sanctions for VDSC's false statements concerning the ownership of the M/V SONNY J is GRANTED. It is ORDERED that S. Ault Hootsell III shall personally pay defendants $2,500 as a Rule 11 sanction for the false statements contained in VDSC's Opposition to Volvo Penta's Motion for Summary Judgment [Doc. 59] and Opposition to Volvo Penta's Motion to Exclude Expert Report and Testimony of Matthew F. Winkler [Doc. 64] concerning the ownership of the M/V SONNY J. It is further ORDERED that defendants' motion for Rule 11 sanctions for VDSC's false statements concerning the ownership of the M/V CARLA J is DENIED.

### 6.     VDSC's concealment of the amount in controversy

Defendants contend VDSC's initial concealment of the amount in controversy, and its subsequent sudden escalation of the amount in controversy, is a violation of Rule 11. In its Complaint, VDSC alleges it sustained damages (including property damage, lost profits and numerous additional items of damage) in an amount "in excess of $350,000.00."[7] In March 2007, VDSC produced to defendants a report from its expert, J. Stuart Wood, stating VDSC's damages

---

[7] See VDSC's Complaint, Doc. 1, at ¶XVIII.

exceed *$14,000,000.00.*[8]

In response, VDSC argues its original complaint *properly listed the estimated value of the allegedly defective vessel engines at $350,000*, but alleged overall damages were "in excess of $350,000," as follows:

> The engines' defects, deficiencies and failures have resulted in early and excessive past, present and future maintenance/repair costs; early and excessive past, present and future overhaul costs; lost revenue/profit; and the necessity of replacing the defective, deficient and negligently engineered/designed engines prior to their anticipated useful life, all at the increased expense and loss to VDSC in excess of $350,000.00 exclusive of interest, as well as all such other and further damages incurred by VDSC be proven at the trial of this cause.[9]

VDSC further argues it initially intended to prove liability through expert testimony and damages through company employees. VDSC contends its fact witnesses were included in VDSC's initial witness list, but defendants chose not to depose these fact witnesses. Subsequently, VDSC argues the trial date was continued, all new deadlines were imposed, and it decided to retain an expert to assist in developing damages. VDSC contends it timely produced Woods's expert report, and that under these circumstances, Rule 11 sanctions are not warranted.

After review of the parties' briefs and the relevant statutory and jurisprudential authority, this Court concludes VDSC's litigation tactics with regard to the pleading of its claims is a violation of Rule 11. Pursuant to well-established law, with respect to each documents signed by an attorney, the attorney must have conducted a reasonable inquiry into the facts which support the document. As the Court stated in *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1196 (5th Cir. 1986):

---

[8] See Exhibit 2-G, attached to Defendants' Supplemental Memorandum in Support of Motion for Rule 11 Sanctions, Doc. 125. Woods's opinion is that "the most likely single figure representing the past loss of pre-tax income to Vidalia Dock and Storage, Inc. is $11,000,000.00; and the single figure for the present value of future lost income is $3,400,000."

[9] See VDSC's Complaint, Doc. 1, at ¶XXX.

As amended in 1983, Rule 11 makes the signature of an attorney or party to a pleading a certificate "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ...." The Advisory Committee states, *"The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." If such an inquiry has properly been made, some evidentiary material should be available to support each essential element of the claim.*

(emphasis added). *See also Davis v. Veslan Enterprises*, 765 F.2d 494, 497 (5th Cir. 1985) ("The comments to the 1983 amendments to Rule 11 state that the rule *"stresses the need for some prefiling inquiry into both the facts and the law. The standard is one of reasonableness under the circumstances."*) (emphasis added).

In determining whether an attorney has made a reasonable factual inquiry, a court may consider factors such as the time available to the signer for investigation; the extent of the attorney's reliance upon his client for the factual support of the document; the feasibility of a prefiling investigation; whether the signing attorney accepted the case from another member of the bar; the complexity of the factual and legal issues; and the extent to which development of the factual circumstances underlying the claim requires discovery. *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992), citing *Thomas*, 836 F.2d at 875-76.

Applying the foregoing factors to the instant case, this Court concludes there is no evidence VDSC was forced to file its complaint in a short amount of time; or that counsel for VDSC accepted the case from another member of the bar and had little first-hand knowledge of the facts before the lawsuit was filed; or that VDSC's counsel relied solely on his client's version of the facts in crafting the complaint. Rather, VDSC admits it listed only the estimated value *of the engines* – in vessels it did not own – in its complaint, and only generically asserted a claim for damages "in excess" of that amount.

-20-

This Court concludes counsel for VDSC had an obligation to investigate the claim he intended to file. Either this is a simple case alleging recovery of the amounts paid for allegedly defective engines – a claim in itself which is questionable if made by a leasee who did not own the vessel or purchase the engines -- or it is a claim for loss of use of those vessels and the resultant economic loss? If the claim encompassed the latter, the only reference as to a value is the noted $350,000. No changes in the facts precipitated the shift to a claim of $14 million – rather, by plaintiff counsel's own admission he chose to explore the value of the loss claimed with his expert only after the first continuance. The instant matter is not akin to a personal injury case, where the plaintiff's medical condition is constantly changing and unexpected courses of treatment are prescribed by different doctors examining the plaintiff throughout the litigation, and causing an increase in the value of the damages. Rather, this case involved allegedly defective vessel engines and the resultant loss of business use due to the defects; those facts did not change from the outset. The facts did not change from the time before filing to the shift to $14 million. No evidence or argument has been presented to argue plaintiff's counsel did not have time to review the factual data available to him prior to filing. Furthermore, counsel certainly had time to review those materials in the three years before the first continuance of the trial was granted when other filings addressing the claims made by VDSC were presented.[10] The shift from a case with specific damages alleged to be "in excess of" $350,000 – representing the value of the engines themselves – to a case where

_____

[10] The record shows that the first continuance of the trial date in this case actually occurred in February 2006, when it became apparent to the Court that discovery was not completed, which affected the dispositive motion deadline. The second continuance was requested by defendants in late November 2006, and the trial was continued on December 4, 2006. Despite the fact that each of the trial continuances occasioned the issuance of a new scheduling order with a new deadline for the amendment of pleadings, VDSC never amended its complaint to accurately set forth the enlarged claim for damages.

the specific damages are no longer based upon the value of the engines themselves, but loss of use – of vessels now shown not to have been owned by the corporate entity pressing the claim – and now alleged to "exceed" $14,000,000 is not mere evolution of fact. Counsel, pursuant to Rule 11 had the affirmative obligation to investigate ownership of the vessels involved and the loss sustained and the basis for that loss. Clearly, he did not do so.

Because of VDSC's failure to conduct its due diligence in investigating the loss of business use claims prior to filing the complaint, defendants were not on notice that a claim of the magnitude of $14 million was pending, rather defendants relied on the value shown in the complaint, $350,000. In this vein, VDSC's attempt to shift the focus from its affirmative duty to defendants, by arguing defendants "chose never to depose [the fact witnesses] prior to the original trial date" rings particularly hollow. Had VDSC properly pled the loss of business use claim and noted the damages as exceeding $14 million, rather than referencing the defect of the engines, valued at $350,000, defendants no doubt would have deposed the fact witnesses VDSC designated to prove those damages. However, even this argument is fatally flawed. VDSC argues it was not until it provided the information to *its expert* that the $14 million figure arose. Thus, even if defendants had deposed the *fact witnesses* listed by VDSC, the amount discussed would not have been the $14 million – or *VDSC should have already placed that amount into controversy*. This Court also notes numerous depositions were canceled because of VDSC's failure to timely produce the properly requested documents which VDSC alleged formed the basis for their damage claims, thus handicapping defendants' attempts to depose the fact witnesses and to discover the nature and basis of VDSC's claim. Therefore, this Court finds plaintiff's argument to border on the specious particularly as defendants *could not* depose fact witnesses, not because they were dilatory, but because they could

not adequately prepare for the depositions without the discovery VDSC was withholding.

Considering the foregoing, this Court concludes that, had VDSC conducted a prior pre-filing inquiry into the facts of this case, the claims and damages alleged would have been more sufficiently and adequately pled in the complaint, and defendants would have been on notice that a claim of the magnitude of $14 million was pending, or if the underlying facts do not support the $14 million claim, VDSC's shift was itself a violation of Rule 11.  Under these circumstances, the Court concludes VDSC's initial concealment of the amount in controversy, and its subsequent sudden escalation of the amount in controversy, is a violation of Rule 11, and defendants' motion for Rule 11 sanctions for same is GRANTED.  Counsel for VDSC shall pay defendants $2,500 as a Rule 11 sanction for the concealment and sudden escalation of said damages.

### C.     Defendants' Motion to Assess Costs Pursuant to 28 U.S.C. §1919 [Doc. 123]

In their Motion to Assess Costs Pursuant to 28 U.S.C. §1919, defendants request that this Court order VDSC to pay "all just costs incurred by [d]efendants in the defense of this matter pursuant to 28 U.S.C. 1919" for all of the reasons set forth in defendants' Motion for Rule 11 Sanctions and, specifically, for VDSC's frivolous assertion of diversity jurisdiction in this case. Although defendants do not identify an amount of costs in their motion, VDSC has filed an opposition brief, in which it states defendants are seeking $2,877.82 in costs.

28 U.S.C. 1919 states:

**§1919. Dismissal for lack of jurisdiction**
Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

28 U.S.C. §1919. Based upon the express language of the statute, the Court is not required to award just costs, but *may* do so at its discretion.

VDSC argues an award of costs would be inappropriate at this juncture because the parties to this litigation are still litigating the merits of the claims in state court, and, should VDSC prevail on the merits in state court, an award of costs for defendants would be improper. Although unable to cite a Fifth Circuit case proscribing an award of costs under similar circumstances, VDSC cites a 10th Circuit case for the proposition that an award of costs under such circumstances is inappropriate. *See Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336 (10th Cir. 1998) (district court should not have awarded costs pertaining to preparation and discovery going to the merits of the case because recovery of such costs would be improper under federal law if the party ordered to pay costs prevailed on the merits of his claim in state court).

Without ruling on whether the *Callicrate* decision is applicable to the facts of the instant case, this Court concludes just costs are not warranted in the instant matter. The Court notes VDSC has been adequately sanctioned for discovery abuses pursuant to Rule 37 (a)(5)(A) by a prior Court order, and has been further sanctioned for attorney misconduct in the signing of pleadings and briefs pursuant to Rule 11 in the instant ruling. The claims raised in this matter remains pending between the parties, and the costs incurred by defendants in the federal court action will no doubt inure to the benefit of defendants in the state court action. Therefore, this Court concludes an award of costs pursuant to 28 U.S.C. §1919 is not warranted.

Considering the foregoing, defendants' Motion to Assess Costs Pursuant to 28 U.S.C. §1919 [Doc. 123] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of _____, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE