RECEIVED
AUG - 8 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| VIDALIA DOCK & STORAGE COMPANY, INC. | CIVIL ACTION NO. 04-1177 |
| VERSUS | JUDGE DOHERTY |
| DONALD ENGINE SERVICE, INC., LAKE CHARLES DIESEL, INC., AND VOLVO PENTA OF THE AMERICAS, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is the Rule 59(e) Motion to Alter or Amend Judgment filed by S. Ault Hootsell, III and Phelps Dunbar, LLP [Doc. 134], seeking to alter this Court's April 17, 2008 Order imposing Rule 11 sanctions against Mr. Hootsell personally and against Phelps Dunbar, LLP for certain Rule 11 violations. The motion is unopposed.

This Court notes that on October 9, 2007, the Court issued a Memorandum Ruling in which the Court concluded there was no complete diversity of citizenship among the parties, and, consequently, this Court held it did not have subject matter jurisdiction over the case [Doc. 110]. An Order was filed along with the Memorandum Ruling [Doc. 111]. At that time, the parties were ordered to submit a judgment, approved as to form, within ten days.

On or around October 15, 2007, counsel for DES, LCD, and Volvo submitted a proposed judgment that dismissed all claims *with* prejudice [Doc. 112]. Shortly thereafter, counsel for Vidalia Dock notified this Court it intended to file a motion to alter judgement requesting that dismissal of Vidalia Dock's claims be *without* prejudice. Such motion was filed on October 18, 2007 [Doc. 113].

On April 17, 2008, after full briefing on both issues, this Court issued a Memorandum Ruling wherein the Court ordered Vidalia Dock's claims be dismissed *without* prejudice and ruled upon defendant's second motion for Rule 11 Sanctions imposing the sanctions that are the subject of the instant Rule 59(e) motion. In addition to filing its Memorandum Ruling [Doc. 130], the Court issued an Order dismissing the claims [Doc. 131], as well as a Final Judgment dismissing all claims *without* prejudice. [Doc. 132]. On May 1, 2008, Mr. Hootsell and Phelps Dunbar filed the instant Rule 59(e) motion, challenging this Court's Memorandum Ruling and Final Judgment issued on April 17, 2008, and, specifically, the imposition of Rule 11 sanctions against Mr. Hootsell and the Phelps Dunbar law firm.

The Court notes there has been no objection from any party – including the original movants seeking Rule 11 sanctions – to either the procedural vehicle employed by the movants or the substantive issues raised in the motion.

Based on information elucidated at oral argument, which information was not provided to this Court prior to the time the Court rendered its April 17, 2008 Memorandum Ruling, Order, and Final Judgment, this Court now finds that to impose sanctions against Mr. Hootsell and the Phelps Dunbar law firm would constitute manifest injustice. Thus, this Court concludes the prior Memorandum Ruling[1] and Order imposing Rule 11 sanctions against S. Ault Hootsell, III and Phelps Dunbar, LLP, should be VACATED.

Considering the foregoing,

IT IS ORDERED that the Rule 59(e) Motion to Alter or Amend Judgment filed by S. Ault

---

[1] This Court's prior ruling was published on Westlaw with the following citation: *Vidalia Dock & Storage Co. v. Donald Engine Service, Inc., Lake Charles Diesel, Inc. and Volvo Penta of the Americas, Inc.*, 2008 WL 1782281 (W.D. La. April 17, 2008).

2

Hootsell, III and Phelps Dunbar, LLP [Doc. 134] is GRANTED, and the awards of Rule 11 sanctions against S. Ault Hootsell, III and Phelps Dunbar, LLP are VACATED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 8 day of August, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE